By the Court,

Bronson, J.
The plea is had. It only attempts to answer the count on the note, without touching the other counts; and yet it commences and concludes in bar of the whole action.
But the plea is bad in substance. The defendants’ counsel insist that it shows a total failure of the consideration for which the note was given; but in this they are mistaken. The title has not failed, nor have the de[189] fendants been disturbed in the enjoyment of the land. There is an outstanding incumbrance, which, if not extinguished by the plaintiff may at some future period operate to defeat the title; but it is impossible to say that the consideration has wholly failed, so long as the defendants remain in the undisturbed enjoyment of the property for which the note was given. There has been no breach of the covenant of seizin (Stanard v. Eldridge, 16 Johns. R. 254); and although the covenant against incumbrances is broken, the defendants would only be entitled to nominal damages, so long as the mortgage remains outstanding (Stanard v. Eldridge, id.) If the defendants have paid the mortgage debt, they might perhaps have defeated this action *109 by way of setting off the amount of the payment. The plea does not state the price which the defendants were to pay for the land, but only that the note was given as a part of the consideration. No fraud is alleged; and it may well be that the plaintiff conveyed a farm worth ten thousand dollars; that the defendants took the deed and agreed to pay the price with full knowledge of the incumbrance, relying on the covenants for their indemnity. The plea is not inconsistent with the supposition that this note, payable on demand, was given for the express purpose of providing the means to satisfy the mortgage. The plea neither shows fraud nor a failure of consideration.
Judgment for the plaintiff.