After advisement, the following opinion was delivered :
By .Chancellor.
The bond upon which this suit was brought was given to secure the purchase money of lands conveyed by Wallis, the plaintiff in the court below, to Tallmadge the defendant, in fee simple, subject to a mortgage specified in the conveyance. Wallis, in his deed, covenanted that he was seised in his own right of an absolute and indefeasible estate of inheritance in the whole of the premises conveyed, except as to the mortgage, and had good right to convey the same. The grantee pleaded these facts in bar to the suit on the bond ; averring in his plea, that at the time of giving the deed, Wallis was not seized in his own right of an absolute and indefeasible estate of inheritance in the premises, or any part thereof, subject to the mortgage, and had not good right to convey, &c. But the plea does not show that the purchaser had been evicted; nor does it aver that the grantor had no estate or interest in the premises which passed to the grantee by the conveyance ; -nor does it specify the defect in the title, or the person having an interest in, or claim upon the premises, that can in any way impair the title to the estate which the deed purports 'to convey. The courts below having decided that this plea did' not constitute a full defence to the suit upon the bond, the case is brought up to this court for the purpose of obtaining a reversal of their decisions.
The effect of the seventy-seventh and seventy-eighth sections of the title of the Revised Statutes relative to evidence, 2 R. S. 406, undoubtedly is to put the defence to actions *upon bonds, and other [ 414 ] sealed instruments, so far as relates to a partial or a total want of *88 consideration, on the same footing as if the suit was brought upon a promissory note or other instrument not under seal, and which purported to have been founded upon a good or valuable consideration, except so far as relates to the form of pleading or of setting up such defence. The last of these sections requires the defendant, in the suit upon the sealed instrument, to plead this defence, or to give notice thereof with a plea of the general issue, or some other plea denying the contract upon which the action is brought. If there is a total want of consideration, the defendant may either plead that defence in bar of the action, or give it in evidence under a notice upon a plea denying the execution of the instrument declared on. A partial failure of consideration, however, cannot be pleaded in bar under these statutory provisions, for the presumption of a sufficient consideration can only be re. butted in the same manner, and to the same extent as if the instrument declared on was not sealed. In an action upon a promissory note, or other unsealed instrument, a partial failure of consideration would not be a full defence ; but could only be given in evidence in reduction of the amount to be recovered. Burton v. Stewart, 3 Wend. Rep. 236 ; Reab v. McAllister, 8 Id. 109. In the present case the consideration of this bond had not wholly failed if the defendant acquired any estate or interest whatever in the premises, or in any part thereof, or any benefit by virtue of the conveyance. The defendant, therefore, instead of pleading in bar of the action, should have pleaded the general issue of non est factum, and given notice with such plea of the partial failure of title, for the purpose of reducing the amount to be recovered upon the bond.
The defendant does not pretend in this plea that the plaintiff was guilty of any fraud or deceit in representing the title to the property different from what he supposed it really was. It is not a case, therefore, in which the purchaser can repudiate the title by any act of his own, and return the property to the vendor because he has not gotten the whole fee [ *115 ] simple which he' contracted to purchase. Upon *an executory contract to purchase real estate, a court of equity will not decree a specific performance unless the vendor can give to the purchaser such a title, substantially, as the latter contracted for; but where the contract has been consummated by the execution of a deed, the purchaser cannot rescind the contract, except by the aid of the court of chancery. And as a general rule, even that court will not interfere in such a case; but will leave the purchaser to his remedy, if he has any, upon the covenants of warranty1' contained in his deed. Simpson v. Hawkins, 1 Dana’s Rep. 305 ; 2 Kent’s Comm. 473 ; Bates v. Delavan, 5 Paige’s Rep. 300.
The question whether a total failure of title, upon a conveyance with warranty, is a good defence to a suit upon the notes given for the purchase money* is one upon which judges have entertained different opinions. Where *89 there is a covenant of warranty merely, which covenant is not broken until there has been an eviction, or something equivalent to an eviction, there appears to be great difficulty in permitting the purchaser to show a total or a partial failure of title, either in bar of the suit or to reduce the amount of the recovery. It is a well known fact that land is frequently conveyed with general warranty, which is warranty against eviction only, when both parties to the sale perfectly understand that the title is doubtlul, or that there is some outstanding contingent interest, which may, perhaps, at a future period be the means of evicting the purchaser ; and to protect the purchaser and enable him to recover against the vendor in case of eviction, the covenant of warranty Is inserted in the deed. And yet in many-cases of this kind, the purchaser continues to hold and enjoy the land until all question as to the title is removed, by lapse of time or otherwise. How, in such cases, if the purchaser were permitted to set up an outstanding title in the original patentees or their heirs, or in some one who had received a title directly or indirectly from them, it might be very difficult, if not impossible, for the vendor to trace a perfect claim of title from the original patentee to himself, although he was in fact the legal owner of the premises at the time of the sale. Permitting the purchaser to set up such a defence before eviction, would, as a general rule, be making *a new contract for the [ *116 ] parties, which they never intended to make for themselves.
But where there has been an actual eviction of the purchaser within six years after the conveyance, and by a title or claim which entitles the party recovering the property to mesne profits as against such vendee from the time of his purchase, so that the amount .of damages which he would be entitled to recover upon the covenant of warranty thus broken, would be to the full extent of the purchase money of the premises, with the interest thereon, there is a virtual failure of the whole consideration of the note or bond given for the purchase money. In such a case, I can see no good reason why the defendant, to avoid circuity of action, should not be permitted to plead such total failure of consideration as an absolute bar to the suit, in the same manner as if the note or bond had been given upon the sale of a horse warranted sound, which turned out to be unsound, and entirely valueless. In either case it may be said that the whole consideration had not failed, as the warranty itself formed a part of the consideration for the note or bond given upon the purchase. But the effect of setting up such a defence, would operate as an estoppel to the purchaser, if he should attempt to bring an action for a breach of warranty after he had been once satisfied for his damages, in this manner; or if the jury found a verdict which, in terms, or by necessary implication, negatived the existence of the fact set up in his plea.
The only valid objection to the decision in the case of Frisbee v. Hoffnagle, 11 Johns. R. 54, if the case is correctly reported, is, that there was *90 not a total failure of consideration, as the purchaser had not actually evicted, and the mesne profits which he would be liable to pay to the party who had obtained the title, under the sheriff’s deed, could not extend back beyond the time of the sale and conveyance by the sheriff. The court probably proceeded upon the ground that there was a moral certainty that the defendant must be turned out of possession under the sheriff’s deed; and as the case was submitted without argument, they may have overlooked the fact that the mesne profits of the premises could only be recovered from [ *117 ] the time of the sheriff’s sale, which, *as stated in the report, was subsequent to the defendant’s purchase, though' the judgment was docketed before. 'If the case is correctly reported, the court probably erred in the application of a correct principle to the facts then before them.
The case of Whitney v. Lewis, 21 Wendell, 131, I think was correctly decided upon the two last grounds stated in the opinion of Justice Bronson, to wit: that there had been no eviction, nor anything which was tantamount thereto ; nor did the plea show an absolute failure of title. 1 think both are necessary to sustain a plea in bar of the recovery of the whole purchase money upon a covenant of warranty for quiet enjoyment only.
The judgment of the supreme court of Maine, in the case of Lloyd v. Jewell. 1 Greenl. Rep. 352, was probably correct, as the title in that case had faild but in part, and the extent of the failure of consideration was less than the amount due upon the two others notes, to which the plaintiff had a right to apply the damages occasioned by the failure, according to the special provision ip the deed itself. I cannot, however, concur in the other conclusions at which the court arrived in that case, if the principle adopted by this court in Reab v. McAlister is to be sustained. The conveyance in the Maine case contained covenants of seizin as well as of warranty. The consideration, therefore, failed as to the part of the bond which was in question there, the moment the deed was given, as the land was then in the adverse possession of the real owner, and the grantor had no title or interest whatever in that part of the premises. Chief Justice Mellen supposed in that case, that it was the settled law of Massachusetts that a total failure of title, under such circumstances, was no defence to an action upon a note given for the purchase money. It appears, however, from the case of Knapp v. Lee, 3 Pick. Rep. 452, that he was under a mistake in supposing that the courts in Massachusetts had ever so decided in any reported case.
In the case now under consideration, the vendor having covenanted that he wás seized of the premises absolutely in fee, if the plea had shown that at the time of the conveyance, he had no estate or interest what- [ *118 ] ever in the premises, or in *any part thereof, it would have gone to the whole consideration, and in my opinion would have been a valid bar to the suit upon the bond; and the court, in the absence of any al *91 legation in the pleadings to that effect, would not presume that the purchaser ever was in possession of land in which he had acquired no right whatever under the conveyance. But the plea is clearly defective in not showing an absolute failure of the title, as the bond was presumptive evidence of a good consideration for the whole amount of the purchase money for which it was given. The onus, therefore, of showing that the consideration has wholly failed, lies upon the defendant. He might probably have reduced the amount of the recovery by proving, under a notice, a partial failure of title; but having neglected to do so, he must be left to his remedy by a cross suit upon the covenants in his deed.
I think the judgment of the superior court of the city of Hew-York was not erroneous, and that the judgment of the supreme court upon the writ of error should be affirmed.
On the question being put, Shall this judgment he reversed I the members of the court divided as follows:
In the affirmative: Senators Hawkins, Hopkins, Humphery, Hunt, Livingston, Tallmadge, Wager, Works—8.
In the negative: The President of the Senate, the Chancellor, and Senators Hull, Lee, Root, (and five other Senators, whose names the reporter is not able to give)—10.
Whereupon the judgment of the supreme court was Affirmed.