By the Court,

Nelson, C. J.
It is a familiar rule of law, that if the landlord enter wrongfully upon, or prevent the tenant from the enjoyment of, apart of the demised premises, it suspends the whole rent, until possession is restored. His title is founded upon this, that the land leased is enjoyed by the tenant during the term; if, therefore, he be deprived of it, the obligation to pay ceases. The rule is otherwise where a part is recovered by title paramount to the lessor’s ; for, in that case he is not so far considered in fault, as that it should deprive him of a return for the part remaining. The law, therefore, directs an apportionment of the rent, 6 Bacon’s Abr. 44, tit. Rent. L. ; Gilbert on Rents, 173 ; Comyn’s Land. & Ten. 214-219 ; Bradby on Dist. 24-30. But as between lessor and lessee, an eviction from part by the former, or any person claiming through him, will operate a suspension of the whole, Comyn’s Land, and Ten. 524 ; 2 Saund. Pl. & Ev. 630. There are some cases illustrating this principle to which I will refer.
A mere trespass, by the lessor, will not suspend the rent, as where he entered and destroyed a building, Cowp. 242 ; but where he railed off a part of the premises, the act had that effect, 3 Camp. 513. So where he gave notice to an under tenant to quit, and he did accordingly, it was held to amount to an eviction, 1 Stark. R. 94; also in case of a demise to another after the tenant had left the premises, 5 Barn. & Cress. 332.
[ *446 3 *The case of Ludwell v. Newman, 6 T. R. 458, in principle, comes near the present one. It was an action on a covenant of quiet enjoyment in a lease. The breach was, that the plaintiff could not obtain the possession; that he applied to the tenant to attorn, who refused ; an action of ejectment was brought, and defeated by a previous lease of the defendant, given the month before ; by reason of all which the plaintiff was prevented from enjoying the term, &c. The second count was like the first, except it omittecl the application to attorn, and proceedings in ejectment. *341 Defective pleas were put in to each/ count, to which there were demurrers. One objection taken to the pleas was this: they stated the plaintiff might lawfully have enjoyed during the-first half year ; when it appeared by the declaration, that he could not have entered at any time on account of the prior lease. The court held, that the defendant’s covenant of quiet enjoyment meant a legal entry and enjoyment, without the permission of any other person ; which could not take place on account of the prior subsisting lease granted to .R. See Platt, on Cov. 327. The case decides that the lessee is not bognd to test his right of entry by suit, as the only legal evidence of a breach of the covenant; nor need he commit a trespass by an actual entry/ Platt on Cov. 327 ; Hob. 12 ; 2 Bacon, 66, B.
In Tomlinson v. Day, 2 Brod. & Bing. 680, the defendant took a farm under an agreement, by which the plaintiff stipulated that he should enjoy the exclusive right of sporting over the manor in which the farm lay, and should occupy the glebe land of the parish ; rent £450. The agreement, though acknowledged and recognized by the defendant, had never been signed by 'mm; but he occupied the farm for some time. The chief inducement in taking it, was the privilege of sporting ; but it turned out the plaintiff had no power to grant the privilege, and the defendant was in fact warned off by ' the occupiers of the manor. Neither did he get possession of the glebe. In an action for use and occupation, the court held that an eviction of apart of the subject matter of the demise had been proved, and allowed *a recovery for no more than the annual value of the farm. [ *447 ] Though the rule for a time seems to have been inflexible, that in these cases the whole rent should be suspended till possession was restored, the last case referred to shows, that if the tenant occupies part, he may be charged for such occupation upon a quantum meruit.
In Smith v. Raleigh, 3 Camp. 513, 514, n, the defendant had agreed to take the premises at an entire rent, and possession was delivered; after which, the plaintiff railed off a part of the garden, and the defendant thereupon returned the key. Lord Ellenborough held, that this amounted to an eviction from part of the demised premises, and a complete answer to the action. This case was afterwards recognized by Dallas, J. in Stokes v. Qooper, in which the rule was laid down, that after an eviction from part, the lessor cannot recover upon the original contract; and the tenant, by giving up possession of the residue, is entirely discharged; but if after the eviction he continues, he shall be liable on a quantum meruit. Comyn’s Land. & Ten. 217, 452 ; 15 Mass. R. 268.
The result of all these cases, I think, shows that the defendant here has deprived himself of the remedy by distress. The eviction from part of the demised premises, by means of his occupation of the residue, the holding is not strictly under the original agreement, but an implied obligation arises *342 to pay the worth of them at the time specified therein. No fixed rent is due, and therefore distress is not the appropriate remedy. It would be unjust to allow it here, as the party himself has put it out of the power of the tenant to tender the amount. His rights will be sufficiently protected by allowing the usual redress, where no specific rent has been agreed on. 5 Barn. & Ald. 322.
New trial granted.