By the Court, Bronson, J.
The question is, whether the defendants must resort to a cross action on the plaintiff’s contract of indemnity against fire, or whether they may set up their damages in this action by way of defalcation or discount from the plaintiff’s demand. It is not a question of set-off, as the plaintiff’s counsel seems to suppose, but of recoupment of damages. When the demands of both parties spring out of the same contract or transaction, the defendant may recoupe, although the damages on both sides are unliquidated 5 but he can only set off where the demands of both parties are liquidated, or capable of being ascertained by calculation. It was formerly supposed that there could only be a recoupment where some fraud was imputable to the plaintiff in relation to the contract on which the action was founded; but it is now well settled that the doctrine is also applicable where the defendant imputes no fraud, and only complains that there has been a breach of the contract on the part of the plaintiff. For the purpose of avoiding circuity, or the multiplication of actions, and doing complete justice to both parties, they are allowed—and compelled, if the defendant so elect—to adjust all their claims growing out of the same contract in one action. It was well remarked by Chancellor Walworth, in Reab v. McAllister, (8 Wend. 109,) that “ there is a natural equity, especially as to claims arising out of the same transaction, that one claim should compensate the other, and that the balance only should be recovered.” The defendant has the election whether he will set oup his claim in answer to the plaintiff’s demand, or resort to a cross action: and whatever may be the amount of his damages, he can only set them up by way of abatement, either in whole or in part, of the plaintiff’s demand. He cannot, as in the case of a set-off, go beyond that, and have a balance certified in his favor, (a)
*175 It is no objection to the defence that the plaintiff is not suing upon the original contract of sale, but upon a note given for the purchase money. (See per Walworth, Chancellor, in Reab v. McAllister, and the cases there cited.) The promise of the defendants to pay the purchase money, has undergone the slight modification of being put into the form of a written obligation, and on that the action is founded j but still the plaintiff is, in effect, seeking to enforce the original contract of sale, and the question must be settled in the same manner as though the action was, in form, upon that contract.
But the objection still remains, and it has been strenuously urged against the defence, that the damages claimed by the defendants do not spring out of the contract of sale, but arise .under the collateral agreement of the plaintiff to indemnify against fire. It is undoubtedly true that there can be no recoupment by setting up the breach of an independent contract on the part of the plaintiff. But that is not this case. Here, there were mutual stipulations between the parties, all made at the same time, and relating to the same subject matter; and there can be no difference, in principle, whether the whole transaction is embodied in one written instrument setting forth the cross obligations of both parties, or whether it takes the form of a separate and distinct undertaking by each party. The plaintiff proposed to sell his wood at auction, and, as an inducement to obtain a better price, he stipulated with the bidders that they should have two winters and one summer to get away the wood, and that in the mean time he would insure them against the consequences of setting fire to his adjoining fallow grounds. Upon these terms the purchase was made by the defendants. If the whole transaction had been set forth in one written contract between the parties, as might very well have been the case, it would have have read substantially as follows : “ Batterman hereby sells to Pierce & Van Ness the standing wood or timber on such a piece of land, for the sum of three hundred and sixty-six dollars, payable in one year with inter-€st 5 and he agrees that the wood may remain on the land for *176 two seasons, ancl that he will insure the purchasers against fire during that period : and Pierce & Van Ness on their part agree, that they will pay the purchase money with interest to said Batterman at the time above specified.” Had this form been adopted, the plaintiff in suing upon the contract would have alleged for a breach, that the defendants had not paid the purchase money, and the defendants would have set up a breach of the cross obligation of the plaintiff in the same contract to indemnify against fire. That would have been a plain case for recouping damages. And so too it would have been, had the whole matter rested in parol without writing. The nature of the transaction cannot be changed by putting the several stipulations of the parties into the form of distinct written contracts ; nor can it make any substantial difference that the undertaking of one party has been reduced to writing, while the engagement of the other party remains in parol. In substance, it is still the case of mutual stipulations between the same parties, made at the same time, and relating to the same subject matter. The forms which the parties may have adopted for the purpose of manifesting their agreement, cannot affect their rights so far as this question is concerned. Whether all of the mutual undertakings have been embodied in one written instrument, or in several; or whether some have been put upon paper while others rest in parol, the reason still remains for allowing the claims of both parties growing out of the same transaction to be adjusted in one action.
This question is settled upon authority. In Frisbee v. Hoffnagle, (11 John. R. 50,) the action was upon two promissory notes given by the defendant to secure the purchase money for a piece of land which the plaintiff had conveyed to the defendant with warranty. The defendant was allowed to defeat the action by showing that there had been a breach of the plaintiff’s covenant of warranty. So far as this case proceeds on the ground that any thing short of an eviction will amount to a breach of the covenant of warranty, it has been overruled. (Vibbard v. Johnson, 19 John. R. 77 ; Whitney v. *177 Lewis, 21 Wend. 131 ; Tallmadge v. Wallis, 25 Wend. 116.) But, assuming that there had been a breach of the covenant, the case of Frisbee v. Hoffnagle still remains an authority which goes the whole length of sustaining this defence. The parties had there given to a single transaction the form of two distinct agreements, and yet when the defendant was sued upon his promise, he was allowed to set up a breach of the plaintiff’s undertaking as an answer to the action. It .was put upon the ground that the consideration of the notes had failed, and that is well enough where there is a total failure of consideration. But where some portion of the consideration still remains, the defence can only come in by way of recoupment. Spalding v. Vandercook, (2 Wend. 431,) in every important particular is precisely like the case now under consideration. The plaintiff sold provision barrels, and agreed that they should be such as would pass inspection under the law regulating the inspection of beef and pork. The defendant had given his note for the price, while the plaintiff’s undertaking still remained in parol. And yet, in an action upon the note, the defendant was allowed to show a breach of the plaintiff’s agreement in mitigation of damages. In the celebrated case of Reab v. McAllister, (8 Wend. 109, and 4 id. 483,) the plaintiff sued for the price of the article sold, and the defendant was allowed to re-coupe his damages by reason of a breach of the plaintiff’s contract of warranty on making the sale. The same general doctrine will be found in Burton v. Stewart, (3 Wend. 236,) and Still v. Hall, (20 id. 51.) And I am satisfied that the same rule has been applied in other cases which have not found their way into the books.
The principle of allowing the parties to adjust the whole controversy in one action has not been applied with entire uniformity. Two cases are mentioned by Cowen, J. in Ives v. Van Epps, (22 Wend. 155,) where the doctrine was lost sight of. And there may be other cases in the books where, although the decision was right, the reasoning of the court was not entirely consistent with the rule under consideration. The truth *178 is, that the doctrine, although founded in the plainest principles of justice, is not of very long standing; and while it was in a forming state, it may well have happened that the rule should sometimes be overlooked both by court and counsel. But the principle is now too firmly settled to be shaken by a few straggling cases, or the occasional dicta which seem to look in the opposite direction.
There is clearly nothing in the objection that the defence set up contradicts the note.(b) The defendants do not deny that they made just such a contract as that on which the plaintiff seeks to recover. But they allege that the plaintiff at the same time entered into an engagement on his partwhich has subsequently been broken. There is surely nothing in all this which looks like attempting to alter, modify or impeach a written contract by parol evidence.
I should have said less upon this case if the course of the argument had not proved, that we have been so unfortunate as not to make ourselves fully understood in relation to the principle involved in the discussion.
New trial granted.

 See S. P., Britton v. Turner, (6 N. Hamp. Rep. 481.) Nor can he, after caving elected to recoupe, and thus procured the allowance of part of his claim, maintain a cross action for the remainder. (Id.)

 See Cowen Hill’s Notes to Phil. Ev. p. 1473.