By the Court, Nelson, Ch. J.
Although this is an action upon an agreement not under seal, the principal question in the case is to be determined as though it had arisen in an action by a lessee against his lessor for a breach of the ordinary covenants of title and quiet enjoyment j for certainly, the promise that the plaintiff should have the sole and uninterrupted use and occupation of the premises, cannot be construed to have a more extended effect than such covenants. Assuming this to be so, how does the case stand 1 It is not denied that the plaintiff acquired a perfect title to the premises by virtue of the lease ; but it is insisted on the part of the plaintiff, that the defendants were bound to put him into actual possession of the demised premises, and that they are therefore liable for damages resulting from the wrongful holding over of the former tenant.
I have found no decision, nor has any been referred to, going the length claimed by the plaintiff; and it is quite clear, upon general principles, that the action cannot be sustained. All that either of the covenants mentioned exact of the lessor is, that he shall have such a title to the premises, at the time, as shall enable him to give a free, unincumbered lease for the 'term demised. There is no warranty express or implied against the acts of strangers ; hence, if the lessee be ousted by one *332 who has no title, the law leaves him to his remedy against the wrong-doer, and will not judge that the lessor covenanted against the wrongful acts of strangers unless the covenant be full and express to the purpose. (Noke’s case, 4 Rep. 80 ; Dudley v. Folliott, 3 T. R. 584 ; Hayes v. Bickerstaff, Vaugh. 118 ; Platt on Cov. 314, and the cases there cited.) I admit, the covenant of quiet enjoyment means to ensure to the lessee a legal right to enter and enjoy the premises, and if he is prevented from entering into the possession by a person already in, under a paramount title, the action may be sustained. That was decided in Ludwell v. Newman, (6 T. R. 458.) In such a case, no ouster or expulsion ismecessary on which to predicate a suit, as the lessee is not bdjmd to enter and commit a trespass. (Holder v. Taylor, Rob. 12 ; 1 Saund, 322 a. note (2) ; Platt on Cov. 327 ; Grannis v. Clark, 8 Cowen, 36 ; and see 25 Wend. 446.) But if the party holding is a wrong-doer, the remedy of the lessee is as perfect and effectual to dispossess him after, as that of the lessor was before the execution of the lease. This is clearly so as it respects the remedy by ejectment, and, I apprehend, equally so as it regards the more summary proceedings under the statute. (2 R. S. 422, §§ 28, 29 et seq. 2d ed.) Indeed, as to the remedy by ejectment, the suit must be brought by the lessee, the right of entry being in him alone at the time, (a) The 29th section of the statute referred to, authorizes any landlord, or lessor, his legal representatives, agents or assigns, to make oath in writing of the facts which authorize the removal &c. This is a remedial statute, and should be liberally expounded in furtherance of its objects ; and it appears to me that, without any very strained construction, the lessee may be regarded as falling within the term assigns, and, as such, may institute proceedings under the *333 act. (b) But whether this be so or not, upon the well settled construction of the covenants of title and quiet enjoyment it is not the duty of the landlord, when the demised premises are wrongfully held by a third person, to take the necessary steps to put his lessee into possession. The latter being clothed with the title by virtue of the lease, it belongs to him to pursue such legal remedies as the law has provided for gaining it, whether few or many.
Judgment affirmed.

 Otherwise, where the lease is void as to the wrong-doer, by reason of its having been executed while the latter was in possession claiming adversely to the lessor. (Livingston v. Proseus, 2 Hill, 526.)

 See Birdsall v. Phillips, (17 Wend. 464.)