TIBBETS *vs.* AYER.

It is no defence to an action on a promissory note by defendant, given as part consideration for a conveyance of lands by the payee with full covenants of title, that two mortgages had been previously given of the same premises by parties other than the grantor in the conveyance to the defendant, it not appearing that they had any title to the premises, or that defendant had been disturbed by means of foreclosure, or otherwise by means of such mortgages.

But where the maker of a note, given as part consideration for a conveyance of land with full covenants, has been evicted from the whole of the premises so conveyed, the covenants in the conveyance do not of themselves constitute a sufficient consideration to uphold the note.

The case of *Frisbee* v. *Hoffnagle*, 11 Johns., 50, should be taken subject to the correction mentioned in *Talmadge* v. *Wallis*, 25 Wend., 116, and in *Batterman* v. *Pierce*, 3 Hill, 176. But the principle of that case is admitted to be sound, and was affirmed in *Vibbard* v. *Johnson*, 19 Johns., 77, and *Case* v. *Hall*, 24 Wend., 102.

When a partial, and when a total failure of consideration has occurred, and the respective liabilities consequent thereon, considered by NELSON, Ch. J.

THIS was an action of assumpsit by endorsee against maker of a note for $4,125, dated July 29, 1835, and negotiated after maturity. The defendant pleaded the general issue, and set up as a defence on the trial failure of consideration.

The note was turned out by Eastman, the payee, to plaintiff as collateral security for some $1,200, and had been given by the defendant to Eastman on a purchase of lands in Maine.

For the purpose of showing failure of consideration the defendant proved, 1. A deed with full covenants from S. L. Mitchell and R. Kieth to him for an undivided one fourth of the north halves of township numbers one and two in the 4th range west of Bingham's Kennebee purchase in the state of Maine. Dated 26th September, 1836; consideration, $33,000. 2. An instrument executed under seal by seven persons including the payee of the note (Eastman) of even date with the above deed, and by which, after reciting that they had purchased the Eustis township of S. L. Mitchell and R. Kieth (the grantors in the above deed), and had sold one quarter of it to Robert Ayer (the defendant) for which

he had paid $33,000; that Mitchell and Kieth, at their request, had given a deed directly to Ayer for his said quarter undivided, and that one quarter of said township was free of mortgages or other incumbrances, they covenanted and agreed to and with said Ayer that he should have and be entitled to the said quarter so unincumbered; and they warranted the same to be free and clear of all mortgages and incumbrances whatsoever. To this instrument was annexed another under seal of the defendant, dated 24th October, 1835, by which he agreed to except certain parcels of land specified, out of the foregoing covenant and warranty. 3. A mortgage from Oliver Pierce, Geo. Pierce, Haskell Pierce and Otis Carter to Joseph Clark, D. Adams and C. L. Eustis, dated 24th May, 1833, for $16,000, on one half of the north half of township No. one of the 4th range, lying west of Bingham's Kennebee purchase, &c. 4. Another mortgage from same to same, dated 26th June, 1833, for $16,000, on one half part of the north half of township No. two in the 4th range, &c., and which recited that it is given to secure the same notes as the one above, dated 24th May. These two mortgages, it was admitted, were in the same form, and contained the same words of conveyance, and the same covenants as the following mortgage from Mitchell and Kieth to Bradbury and others. 5. Mortgage from Mitchell and Kieth to Bradbury, Appleton, A. & D. Hall, and J. & A. Conant, for $15,675, on one moiety or half part of the following tracts, &c., to wit, one half part, in common and undivided, of the north half of township No. one of the 4th range, &c., which are the same premises before granted by D. Adams, J. Clark and C. L. Eustis to Bradbury and others on the 24th May, 1833. Also, one moiety or half part, in common and undivided, of the northerly half of township No. two in the 4th range, &c. It was proved that this mortgage belonged to one Ames, who some years before the trial, default having been made in payment, entered upon and took possession of the premises, and then held them by virtue of said mortgage.

The testimony here closed, and the judge charged, that the defendant had not established a defence to the note;

that, admitting all the facts which the evidence of the defendant tended to prove, they were inadmissible under the general issue, as in law they made out only a partial failure of consideration; that if the defendant had been evicted from the whole of the lands, for a part of the purchase money of which said note was given, yet the covenants in the deed and special instruments given in evidence, warranting the title of the land, were a sufficient consideration to uphold the note, there being an absence of an allegation of fraud.

A verdict was taken for $6,062.19, amount of said note, subject to the opinion of this court on the questions above decided.

*By the Court*, NELSON, Ch. J. 1. There being no notice, under the general issue, of the ground or nature of the defence relied on, nothing short of proof of a total failure of consideration of the note was admissible upon the pleadings. (*The People* v. *Niagara Common Pleas*, 12 Wend., 246.)

The trial, as appears, proceeded upon this view of the law, and judging from the ground upon which the cause was finally disposed of at the circuit, it would seem to have been assumed that a total failure had been established by the proof; but after the most critical examination of the testimony I have been unable to discover in what way that fact was made out.

The defence set up was substantially that the note was given by the defendant for the purchase money of certain lands in the state of Maine, to which the title had failed; and, in order to establish the fact, a deed was given in evidence from Mitchell and Kieth to defendant for *an undivided fourth part of the north halves of township Nos.* 1 and 2 in the 4th range, &c., in part payment for which it is assumed the note was given. This deed contained full covenants for quiet enjoyment, against incumbrances, &c., and was made at the instance and for the benefit of the person or persons to whom the note was given.

The defendant then undertook to prove failure of the title, or what amounted to the same thing, that he had been law-

fully dispossessed by means of prior incumbrances upon the tract; and for this purpose he introduced two mortgages, of a date prior to his deed, from Oliver Pierce and others to. Joseph Clark and others for $16,000 each, both intended however to secure but one sum of $16,000, covering *one half of the north half of township Nos.* 1 and 2.

I will not stop to inquire whether the premises thus covered by these two mortgages are identical with, or were embraced within the description of those contained in the deed, because there is not a particle of proof to show that the mortgagors had any right or title to the land. Nor is there any proof or pretence that the defendant has been disturbed by foreclosure or otherwise by means of these incumbrances. The case of *Lattin* v. *Vail* (17 Wend., 188) is decisive, that these can not be relied on to make out the defence.

The defendant also introduced a mortgage from Mitchell and Kieth (the grantors of defendant) to J. Bradbury and others, of prior date to the deed, for $15,675, covering an *undivided half part of the north half of township Nos.* 1 and 2, and proved that one Ames was the owner of the same, and had entered and taken possession of the mortgaged premises about a year before the trial, after default of payments, and continued to hold the same.

Now the deed from M. and K. to the defendant, it will be seen, covers only an *undivided fourth part of the north halves of Nos.* 1 and 2—the mortgage, an *undivided half part,* and we are left altogether to conjecture whether the two parcels are identical, that is, to the extent of the lesser one. The mortgaged premises may be taken out of the north half of the two lots without necessarily interfering with the undivided *quarter* conveyed to the defendant. We have seen from the collateral covenants of Eastman (the payee of the note) and others which were given to secure the title, that all parties at the time understood and intended that the parcel conveyed should be taken out of the unincumbered portion. That instrument recites that one quarter of the township was free and unincumbered, and covenants that Ayer shall be entitled to that quarter.

The defendant held the affirmative of the issue, and was

bound to make out clear and satisfactory proof of the failure of consideration, since he has fully admitted it by the execution of the note. Courts ought not readily to listen to evidence tending to impeach the validity and credit of commercial paper, which enters so extensively into the business operations of the country, and especially should they hesitate to give force and effect to evidence impeaching the consideration, when, after all, it may be doubtful if it has not been fully realized according to the intent and understanding of the parties.

As the case must go down to another trial for an error we shall presently notice, an opportunity will be afforded the defendant to clear up the difficulties suggested, if in point of fact the mortgage embraces the parcel conveyed to him by the deed.

II. It will be seen that the ground, upon which the learned judge finally placed the case before the jury, assumed, 1. That the prior mortgage of M. and K. embraced the same premises which they subsequently conveyed to the defendant. 2. That the note was given in part consideration of the purchase money; and 3. That the entry upon the premises, and holding possession of the same by the mortgagee or assignee after default of payments, constituted an eviction or expulsion, which amounts to a breach of the covenants of warranty; and then charged that all this proved only a *partial failure* of consideration, and was therefore inadmissible, and ineffectual if admitted under the general issue; that the covenants of warranty in the deed, and collateral instrument accompanying the same, were a sufficient consideration to uphold the note, there being no fraud in the case.

We have already seen from the case of *Lattin* v. *Vail*, that the fact of the existence of incumbrances, and the covenant against them will not alone help the defendant in the way of making out a failure of consideration; and whether proper and sufficient proof was given of an eviction or expulsion of the defendant from the premises to enable him to avail himself of the covenants of warranty and quiet enjoyment, is a question that was not argued and upon which we express no opinion. The proof was assumed to be sufficient

by the learned judge in his disposition of the cause, and our inquiry is into the correctness of the ruling conceding the assumption to have been well founded. Whether so or not, where persons other than the grantor himself disturb the possession, or whether in such a case an eviction by due process of law is not essential, are questions upon which different opinions have been entertained and expressed. (*Lansing* v. *Van Alstyne*, 2 Wend., 563 (n.); *Webb* v. *Alexander*, 7 id., 281; *Hamilton* v. *Cutts et al., Ex'rs*, 4 Mass., 349; *Stone* v. *Hooker*, 9 Cow., 154; 2 Johns., 4; 4 T. R., 617, 680; 25 Wend., 446; Platt on Cov., 327, 8.)

The court decided that although the defendant had been evicted from the whole of the premises in part consideration for which the note was given, still the covenants in the deed, and in the special instrument accompanying the same, warranting the title, constituted in and of themselves a sufficient consideration to uphold the note.

I attach no particular weight to the instrument accompanying the deed, as it amounts to nothing more than an enlargement of the covenants therein, with the additional security of other names to respond in case of a breach. The whole, taken together, are but covenants, general and special, warranting the title as conveyed. And then the cases of *Frisbee* v. *Hoffnagle* (11 Johns., 50), and of *Rice* v. *Goddard* (14 Pick., 293), are directly in point to show that in a suit to recover the purchase money after an eviction of the grantee, the usual covenants of warranty in the deed afford no answer to the defence of failure of consideration. The former case should be taken subject to the correction mentioned in *Talmadge* v. *Wallis* (25 Wend., 116) and *Batterman* v. *Pierce* (3 Hill, 176), but the principle is admitted to be sound, and was affirmed in the cases of *Vibbard* v. *Johnson* (19 Johns., 77) and *Case* v. *Hall* (24 Wend., 102).

The covenants of warranty, though highly beneficial to the vendee by way of indemnity in case of failure of title, are not, strictly and legally speaking, a part of the thing purchased and to be enjoyed as the equivalent for the consideration money. The object or moving cause of payment of this, or for entering into an obligation for payment, is

the enjoyment of the land itself. Hence, on failure of the title, dispossession of the land and consequent termination of such enjoyment, the right immediately accrues to a return of the money. The equivalent for the same is gone, and the vendee is entitled therefore to be restored to his condition before the sale.

I admit if any benefits are still legally enjoyed, or have been derived from the enjoyment of the premises over and above what was contemplated by the contract of sale as the equivalent for the purchase money, it can not be said that the whole consideration has failed. For instance, if, notwithstanding the failure of the title, the vendee continues undisturbed in his possession, or if he has enjoyed the rents and profits of the estate for a period beyond which he would be bound to refund, by way of mesne profits, to the real owner who has evicted him, it would not be in his power to say that the whole had failed. For, in the first case, he still enjoys the use of the premises, and in the second, he has had the benefit of the enjoyment of them for a time beyond which he is bound to account to the owner.

More fully to illustrate the position; suppose A purchases an estate of B for which he agrees to pay $1000, and gives him his notes accordingly. He enjoys the estate for twenty years, and is evicted by C; the latter can only recover mesne profits for six years back, leaving fourteen years clear enjoyment. Suppose then a suit brought upon the notes by A, can it be maintained, that the whole consideration has failed? It appears to me not. The fourteen years' enjoyment constituted part of it and should be taken into the account in adjusting the demand, and this may be done under our rule permitting the defendant to recoup for all damages he has sustained by reason of the failure of title, eviction, &c., on giving proper notice of the defence. (*Batterman* v. *Pierce*, 3 Hill, 172.)

But suppose A paid the purchase money down. Then there would have occurred a total failure of the consideration, and in an action on the covenant of warranty, the recovery would be the consideration money and interest for six years, as an equivalent for the mesne profits for the same

period.   All beyond this would be balanced by the enjoyment of the land on one side and of the interest of the purchase money on the other.   And upon this view it seems to me, that where an action is brought to recover the consideration money, and the defendant shows an eviction and ·*liability for mesne profits* to the extent of the *interest* due upon the demand, it may well be said the consideration has totally failed; the defendant has neither enjoyed, nor does he possess any part of the thing for which the security was given.   He has been deprived of the whole by the failure of the title, eviction and liability for the mesne profits.   The paper is nudum pactum, and stands on the same footing as if it had been given without value.

If the plaintiff were in such case allowed to recover, the defendant would be entitled the next moment to recall it back, for the reason that the whole consideration had failed for which he had entered into the obligation.

I am of opinion, therefore, that there, should be a new trial, costs to abide the event.

New trial granted.