J. R. Swan, J.
The facts set forth in the plea, do not constitute a bar. To entitle the defendant holding a deed with covenants for title, to set up a defense to the payment of -purchase money on account of defect of title, the plea must show clearly a breach of the covenants. In this ease the defendant claims that there has been a breach of the covenant of warranty. The plea should therefore aver .an eviction, actual or constructive,.by paramount title. The case of Frisbee v. Hoffnagle, 11 Johns. 50, has been repeatedly overruled. Hibbard v. Johnson, 19 Johns. 77; Lattin v. Vail, 17 Wend. 188; Hoy v. Taliaferro, 8 Smed. & Marsh. 739; Tallmadge v. Wallis, 25 Wend. 116; Whitney v. Lewis, 21 Id. 131; Lamerson v. Marvin, 8 Barb. S. C. 11.
In the case before us, the premises were sold on an execution, ■and the sale confirmed. No deed has been made by the sheriff; at least none is averred; so that the legal title is still in the defendant. This is fatal to the plea. If no deed has been made by the •sheriff to the purchaser on the execution, the covenants of warranty run with the land to the heirs of Albert L. Picket; but the effect of this, if any, it is not necessary to determine. The effect, too, of Albert L. Picket receiving the rents and profits for about seven months, it is also unnecessary to' consider.

Pemurrer sustained.

Brinkerhoee, Bowen, and Scott, JJ., concurred.
Bartley, C.. J., dissented as to the first proposition of the syllabus, and concurred as to the second.