88  401|
152a 647|

CLARA J. BROWN, Respondent, *v.* SALLY ALLEN and Others, as
Administrators, etc., of EMORY ALLEN, Deceased, Appellants.

*Sale of real estate — eviction after timber thereon has been cut — measure of damages
— when interest begins to run — insufficient proof of abandonment or surrender.*

In an action brought upon a bond given in 1870, conditioned for the payment of a
part of the purchase money of certain real estate conveyed at the time to the obli-
gors by the obligee by warranty deed, a defense was interposed to the effect that
the title failed subsequent to the said conveyance because the premises were sold
for taxes which were assessed upon the premises prior to the conveyance.

It appeared upon the trial that the principal value of the land was in its timber,
a large part of which was cut by the grantees before the tax sale which
occurred in September, 1871 ; that for more than two years thereafter no one
was in a position to interfere with the possession of the grantees ; that the
value of the land as timber land did not alter materially ; that there never was
an actual eviction, but that constructive eviction resulted in 1886 from the pro-
ceedings of the Forest Commission.

Upon an appeal by the defendants, upon questions relating principally to the
measure of damages and the manner in which the payments or deductions
were applied, from a judgment directed in favor of the plaintiff,

*Held,* that the plaintiff was entitled to recover a sum which bore the same ratio
to the purchase price which the value of the land, as the land stood at the time
of the eviction, bore to the value of the land when all the timber was upon it ;

That the sum thus credited on the bond should, for the purpose of calculating
interest, be applied as of the date of the eviction in 1886 ;

That a finding of the court that in 1874 the grantees notified the grantor that
they had surrendered and abandoned the premises in question because of the
tax sale in 1871, not coupled with any finding that they did then actually
abandon or surrender them, taken in connection with the fact that no assertion
of title adverse to the grantees was made by any one until after the passage of
the Forest Commission Act in 1885, made it impossible to hold as matter of law
that the eviction took place in 1874 or at any date earlier than the eviction
effected by the Forest Commission in 1886.

APPEAL by the defendants, Sally Allen and others, as administra-
tors, etc., of Emory Allen, deceased, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the
clerk of the county of Lewis on the 18th day of December, 1894,
upon the decision of the court rendered after a trial at the Lewis
Circuit before the court without a jury.

The action was brought upon a bond, dated May 24, 1870, exe-

cuted by Emory Allen and Newton Northam to Marietta L. Brown, conditioned for the payment of the sum of $2,500, which was a portion of the purchase price of certain real estate that day conveyed to the obligors by the obligee by warranty deed. The defense interposed was that the title to the real estate afterwards failed by reason of the sale of the premises for taxes assessed prior to the conveyance, so that there was a failure of consideration or should be a recoupment for the damages.

The opinions on prior appeals will be found in 57 Hun, 219, and 73 id. 291.

*Henry W. Bentley* and *E. McCarty*, for the appellants.

*C. D. Adams,* for the respondents.

MERWIN, J.:

When this case was last before us we considered the question whether the trial court was justified in finding that the consideration for the bond in suit had totally failed, and, therefore, the plaintiff was not entitled to recover. It appeared that the grantees in the deed while in possession of the property removed from the land a large portion of the standing timber, which constituted the chief value at the time of the sale. Upon this situation it was then said : "We are of the opinion that the eviction in this case was but partial. The most valuable part of the real estate purchased had been enjoyed by the purchasers, and they have reaped the benefit of its removal and sale. Under such circumstances the damages to be allowed them or their representatives should be only those that are commensurate with the eviction and their consequent loss. If allowed such part of the original price as bears the same ratio to the whole consideration that the value of the land at the time of the eviction bore to the land with the timber they would receive all to which they are justly entitled. If some portion of the timber was removed after the title failed, as to that they might be liable to the present owners, and to that extent entitled to be allowed its value in addition to the proportionate value of the land. We think the court erred in holding that the eviction of Allen and Northam was total, that the whole consideration for the bond had failed and that the plaintiff was not entitled to recover thereon."

In the decision now under review it is found that the eviction was on or about January 1, 1886; that the whole value of the premises at that time, and in July, 1874, was the sum of $1,071.42; that the whole value at the time of the purchase in May, 1870, was the amount of the purchase price, being the sum of $3,171.40. There was also evidence tending to show, and from which it might have been found, that the value in 1874, and up to 1885 or 1886, with the timber on it as it was in 1870, would have been about the same as it was in 1870. The court allowed the defendants as damages, for the loss sustained by the eviction, the sum of $1,071.42, and applied it on the bond as of January 1, 1886.

The evidence sustains the finding as to the amount of the value in 1874 and 1886, and its amount as appears from the findings, or may be inferred from the evidence, bears the same ratio to the whole consideration that the value of the land at the time of the eviction bore to the land with the timber on. The appellants, however, claim that the amount should be applied on the bond as of its date on the theory that there was a failure of the consideration to that amount. The failure did not occur or was not complete until eviction, and up to that time the grantees had such enjoyment or use of the whole property as was contemplated by the parties at the time of the grant. A large portion, at least, of the timber was cut by them before the tax sale on September 23, 1871, and for more than two years thereafter no one was in position to interfere with their possession whatever it was. It has been held that without eviction there would be no defense to an action for the price. (*Lamerson* v. *Marvin*, 8 Barb. 9; *Farnham* v. *Hotchkiss*, 2 Keyes, 9.) In some cases it is said that if the damages recoverable are equal to the purchase money and interest sought to be recovered, there is in substance a total failure of consideration, and it might be so pleaded. (*Tallmadge* v. *Wallis*, 25 Wend. 116.) In *Cowdrey* v. *Coit* (44 N. Y. 382) the main question was whether there was an eviction, and, if so, the same result was deemed to follow whether the defense was regarded as a failure of consideration or a counterclaim for damages. It was alleged in both aspects. In *Dunning* v. *Leavitt* (85 N. Y. 30) the grantee received nothing, as the rents while she was in possession were in law received to the use of the real owners of the land. These cases do not, we think, reach the

present one. It is not here a question of the failure of considera-
tion, but what is the proper amount to be allowed for the loss to the
grantees, and that being ascertained, from what time should interest
be allowed. Assuming the amount was properly ascertained, the
interest, was, in effect, allowed from the date of the eviction as
found. Interest runs only from the time of the eviction or loss,
unless there is a liability to the real owner for mesne profits prior
to that time. (3 Sedgwick on Damages, § 981.) There is no claim
here that there is any such liability for mesne profits. So that
when the defendants were allowed the amount of the loss as of the
time it occurred, that would seem to be full compensation.

But the appellants further claim that, although the finding of the
fact of eviction January 1, 1886, would be correct under our decision
on the first appeal, still under the facts as here presented it should be
held that, as matter of law, eviction took place as early as July,
1874. It is found by the trial court, "that in the month of July,
1874, said Emory Allen and Newton Northam, through their
agents, duly notified said Marietta L. Brown and this plaintiff, and
her agent and attorney in that behalf, that they had surrendered and
abandoned the premises conveyed to them under the Brown deed
aforesaid, because of the tax sales thereof, made September 23,
1871, as hereinbefore set forth." It is not found that Allen and
Northam had then in fact abandoned or surrendered the premises.
At that time there was no one asserting title adverse to them, and
their possession had in no way been interfered with. The premises
consisted of six parcels. The tax sale was in September, 1871. A
deed of one of the parcels was executed by the Comptroller to one
Hungerford on October 30, 1873. A deed of four other of the par-
cels was executed by the Comptroller to the People of the State on
February 1, 1875. No deed of the sixth parcel seems to have ever
been executed under the tax sale of 1871. No assertion of title
appears to have ever been made under the deed to Hunger-
ford, and none under the deed to the People until 1885 by the
Forest Commission. It appears that the purchaser of the sixth parcel
some time after the fall of 1878, but when it does not appear
assumed to sell the hard wood on the lot. In October, 1877 all of
the parcels were again sold for taxes that had been assessed in or
before 1870; all were bidden in by the State, and deeds under this

sale were executed to the State in March and April, 1881. Another deed appears to have been executed to the State, in pursuance of the sale of 1877, on the 31st of October, 1884. The Forest Commission Act was passed in 1885 (Chap. 283), by reason of which, and the acts done under it, a constructive eviction was found to have been perfected on January 1, 1886. Prior to 1885 there was no assertion of title adverse to Allen and Northam, and no one, therefore, to whom a surrender could be made that would operate to perfect a remedy on the covenant of the grantors. We fail to see how it can be said that, as matter of law, there was an eviction in 1874, or prior to the action of the Forest Commission.

These considerations lead to an affirmance.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.