THE PHOENIX INSURANCE COMPANY *against* FIQUET.

THIS was an action of *assumpsit*, brought against the defendant, as the *endorsor* of a promissory note made by a promissory note, given to secure the payment of the *premium* on a policy of insurance, the insurers, before the commencement of the suit, having become liable to pay the insured, who was the *maker* of the note, a *return* of *premium* on the same policy; it was held, that the defendant was entitled to have the amount of such return of premium deducted from the amount of the note, notwithstanding the maker was, at the same time, indebted to the insurers for other notes, given for premiums on other policies of insurance, and had become insolvent.

*In an action brought by insurers against the endorsor of*

*James Vidalot.* A verdict was taken, by consent, in favour of the plaintiffs, for 3,532 dollars and 8 cents, subject to the opinion of the court on the following case. The note in question was delivered by *Vidalot* to the plaintiffs, to secure the *premium* of insurance upon a certain vessel, upon which the plaintiffs were insurers. Before this note became payable, *Vidalot*, the maker, became insolvent; and then was, and yet is, largely indebted to the plaintiffs for notes, given for premiums of insurance on other vessels, but upon which notes the defendant is not an endorsor. Prior to the commencement of this suit, the plaintiffs became liable to pay a *return of premium* on the same policy, for the premium on which the note in question was given.

The defendant insisted, that the amount of such return of premium ought to be allowed to him, in part payment of the note on which the present suit is brought. The plaintiffs contended, that they had a right to enforce the payment of the whole note against the defendant, and to pass the amount of the return of premium to the credit of *Vidalot*, generally, in account. The policy contained the following clause : " But in case of loss, the assured is to abate two *per cent.* and such loss to be paid in thirty days after proof of loss, and proof of interest in the said assured, the amount of the note given for the premium, if unpaid, being first deducted."

It was agreed, that if the court should be of opinion that the amount of the return of premium should be applied in favour of the defendant, in *part payment* of the note in question, then the same, with interest, should be deducted from the amount of the verdict : but if the court should be of opinion, that the amount of the return of premium ought not to be allowed to the defendant, in part payment of the said note, then the verdict was to stand.

*T. A. Emmet*, for the plaintiff.

*Hoffman*, contra.

*Per Curiam.* The note in question was given for the premium of insurance; and it is admitted that the plaintiffs are not now entitled to so much premium as the note was given for. If they are bound to return part of the premium, they are not entitled to the face of the note. The consideration of a note may be inquired into between the original parties. The defendant may show that the note was given for more than the plaintiff is entitled to. (*Cole* v. *Gower*, 6 *East*, 110.) The consideration for the note was the premium of insurance, and the only question is, what was the amount of that premium. If the plaintiffs are bound to return part, then the premium really and ultimately due is not as much as was at first understood to be. It is most just and reasonable, that it should be deducted from the face of the note, in this suit; for the surety is not further bound than his principal, and is entitled to the same defence. The return premium must, accordingly, be deducted from the verdict.