ALBANY,
Jan. 1814.

FRISBEE
v.
HOFFNAGLE.

————✦————

## FRISBEE *against* HOFFNAGLE.

H. gave a promissory note to F. for the purchase-money of a certain piece of land, conveyed by F. to H. by deed, with *warranty;* and at the time of the conveyance there was a judgment against F. under which the land was afterwards sold and conveyed by the plaintiff on execution. In an action bro't by F. against H. on the note, it was held that the consideration could not be maintained, as the consideration of the note had wholly failed, the title of H. being extinguished by the sale under the judgment, though he had not yet been evicted by the purchaser, for he was liable to be evicted, and was responsible to him for the *mesne profits.*

THIS was an action to recover the amount of two promissory notes for 100 dollars, payable in specific articles. The cause was tried at the last *Essex* circuit before the *Chief Justice.*

It was proved that the notes were given by him to secure the purchase-money of a certain piece of land, conveyed to him by the plaintiff, by a deed with warranty; that before the conveyance a judgment had been obtained in this court against the plaintiff in favour of *Hart* and *Smith;* and after the notes were given by the defendant, the land so conveyed to him by the plaintiff was taken by virtue of an execution on that judgment, and sold and conveyed by the sheriff. The plaintiff proved that the defendant had not been evicted or disturbed in his possession of the land by the purchase at the sheriff's sale. But the judge, being of opinion that the consideration of the notes had failed, directed the plaintiff to be nonsuited, with leave to move the court to set aside the nonsuit, and for a new trial.

The case was submitted to the court without argument.

*Per Curiam.* The note was payable in specific articles, and the consideration was a piece of land conveyed by the plaintiff to the defendant, not by a quitclaim deed, but by a deed with warranty; and it appears that there was a judgment against the plaintiff, at the time he executed the conveyance, and that the land has since been sold under that judgment. The consideration for the note has, therefore, entirely failed; for the defendant has no title, it having been extinguished by the sale under the judgment. Here is a total, not a partial, failure of consideration; for although the defendant has not yet been evicted by the purchaser under the sheriff's sale, he is liable to be so, and will be responsible for the *mesne profits.* (*Morgan* v. *Richardson,* 1 *Camp. N. P.* 40. note. *Tye* v. *Gwynne,* 2 *Campb. Rep.* 346. *Barber* v. *Backus, Peake's Cases,* 61. *Phœnix Ins. Co.* v. *Fiquet,* 7 *Johns. Rep.* 383.)

To allow a recovery in this case would lead to a circuity of action, for the defendant, on this failure of title, would be entitled immediately to recover back the money.

The motion to set aside the nonsuit must, therefore, be denied.

Motion denied.