NEW-YORK, May, 1821.

VIBBARD v. JOHNSON.

---

T. VIBBARD and ABBOTT *against* JOHNSON.

IN ERROR to the Court of Common Pleas of *Saratoga* county. An action was brought by *Johnson*, in the Court below, against *Vibbard & Abbott*, for a chest of tea sold and delivered. At the trial, it was proved, that in *April*, 1815,

A purchaser, with knowledge that the goods purchased are claimed by a third person, if he voluntarily pays the price of the goods to such third person, cannot, afterwards, in a suit brought by the vendor against him for the price, set up the want of title in the vendor, and that he had paid the price to the true owner, as a defence.

*Aliter,* if the purchaser was compelled to pay the price to another person, who claimed the property, and brought his action against him, and recovered.

*Abbott* applied to *Johnson* for a chest of tea, and desired *J.* to let him have it, and account to *Noah Vibbard* for it. *J.* refused, telling *A.* that if he took it, he must pay him for it. *A.* then agreed to take the tea. The weight and price were ascertained, and a bill was made out in the name of *T. V.* and *A.*, who were then partners, as purchasers, and the tea was delivered to *A.* by *J.*, who had it in his possession. The defendants below offered to prove, that a day or two before *A.* went to *J.*'s store for the tea, *T. V.* had agreed with *N. V.* for the same chest of tea, in behalf of *T. V.* and *A.*; that *T. V.* desired *A.* to go for the tea; that this agreement was made in the presence of *J.*, who then admitted that the tea belonged to *N. V.*; that the tea, at the time of this agreement, and when it was taken away by *A.*, was the absolute property of *N. V.*; and *T. V.* afterwards paid *N. V.* for it. The evidence so offered, was overruled by the Court below, and the jury found a verdict for the plaintiff. The defendants tendered a bill of exceptions to the opinion of the Court.

*Cowen*, for the plaintiffs in error. The action was brought by *J.* against the defendants below, to recover the price of a chest of tea sold ; and the defendants offered to prove that *J.* had no right or title whatever to the tea. A sale for a full price, always implies a warranty as to the title. (1 *Johns. Rep.* 274. 1 *Comyn on Cont.* 13.) Again, there was a fraud practised by *J.* on *A.* ; for we offered to show, that a day or two before, *N. V.*, to whom the tea belonged, had contracted for the sale of it to *T. V.* in the presence of *J.*, who admitted that it belonged to *N. V.* This evidence was a proper defence under the general issue. (1 *Chitty Pl.* 469.) It is unreasonable to allow the plaintiff to recover the price of the defendants in this action, merely to turn them round to another action against him, to recover back the money. (8 *Mass. Rep.* 46.)

*Foot*, contra. *Abbot*, with full knowledge that both *N. V.* and *J.* claimed the tea, chose to purchase it of *J.* He cannot be allowed to pay the price to *N. V.* the adverse claimant, and then set up that fact as a defence to a suit

brought by the other claimant, of whom he purchased with full knowledge. The defence of want of title in the vendor, can be set up only by a *bona fide* purchaser, without notice. (1 *Mass. Rep.* 65.)

SPENCER, Ch. J. delivered the opinion of the Court.

There is no doubt that in every sale of a chattel for a sound price, there is a tacit and implied warranty that the vendor is the owner and has a right to sell. If, therefore, after the sale by *Johnson*, *N. Vibbard* had asserted his right to the chest of tea, by suing the defendants and recovering, this would have been a good defence to the action: and if the recovery was subsequent to the trial of the cause between these parties, it would have furnished a good cause of action on the implied warranty.

The defendants have seen fit to satisfy *N. Vibbard* for the tea, and now to set up his title in this action; but this they have no right to do. The plaintiff below being in possession of the tea, sold it, as his property, to the defendants. (*Kennedy* v. *Strong*, 14 *Johns. Rep.* 15.) They cannot, in this way, draw the plaintiff's title in question, by their own voluntary act of payment. It is not competent to them to dispute the title of their vendor, unless they have been charged at the suit of another person, who has, after contestation, shown a better title. The principle is analogous to a demise of a house by *A.*, who is in possession, claiming title, to *B.* The latter receives the possession, and enjoys the premises by the permission, and on the letting of *A.* In an action for the rent, *B.* cannot set up that *A.* has nothing in the premises, and that he has paid the rent to *C.* voluntarily. If *C.* had recovered the rent, and substantiated his title, then it would be a good defence; otherwise, not.

Judgment affirmed.