POST plaintiff.
v.
SHIRLEY.    *Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

    *C. B. Smith* and *R. S. Cox*, for the plaintiff.

    *C. H. Test* and *S. W. Parker*, for the defendant.

---

POST *v.* SHIRLEY.

A plea in bar to a suit on a sealed note for the payment of money, stating
the note to have been given for certain real estate, and setting forth several
representations made by the plaintiff respecting the property, which, it is
alleged, were false and fraudulent,—is insufficient if it do not aver a re-
conveyance of the property or that which is equivalent.

*Friday,*        ERROR to the *Allen* Circuit Court.
*November 27.*    BLACKFORD, J.—This was an action of debt against *Post* on
two sealed notes for the payment of money. Pleas, 1. That
the notes were obtained by fraud, &c., (not setting out the
facts;) 2. That the notes were obtained by fraud, &c.,
(setting out the facts.) Issue was joined upon the first plea;
general demurrer to the second, and the demurrer sustained.
The parties went to trial on the first plea. Verdict and
judgment for the plaintiff. .

    The only error assigned is, that the demurrer should have
been overruled. The plea demurred to states, that the notes
were given in consideration of the sale by the plaintiff to the
defendant of certain town lots, (describing them,) and to
secure the purchase-money for the same; and for no other or
different consideration whatever. It further sets forth several
representations made by the plaintiff respecting the lots,
which representations are alleged to be false and fraudulent.
This plea may be fairly understood to mean, that the lots had
been .conveyed by the plaintiff to the defendant. Consider-
ing that to be the case, the plea must be bad at all events,
for not averring a reconveyance of the lots, or that which is
equivalent. The defendant cannot expect to keep the lots,
and also avoid the payment.

*Per Curiam.*—The judgment·is affirmed, with 6 *per cent.*
damages and costs.

*H. Cooper*, for the plaintiff.

*T. Johnson*, for the defendant.