SxjlliyAN, J.
Debt on a promissory note executed by the plaintiff in error, James, to one Tate, and by the latter indorsed to the Lawrenceburgh Insurance Company. There were five pleas pleaded. Issues on the first, second, third, and fifth, which were tried by a jury, and verdict rendered for the plaintiff. To the fourth plea a general demurrer was filed. That plea alleges, that the note sued on was given in part consideration of a tract of land which the payee, Tate, at the time of the making thereof, pretended to sell and convey to the defendant, and which he then and there falsely and fraudulently pretended to' be seised and possessed of with lawful power to sell and convey, when in truth and in fact the said Tate, at the time of the sale and conveyance, and at the time of making said representations, had no title to the land, nor right to *sell and convey it; that defendant, therefore, had not taken possession of said land, &c., wherefore, &c. The Court sustained the demurrer, and final judgment was given for the plaintiff.
The plea alleges, that the consideration of the note sued on was a tract of land which the vendor, who is the assignor of the plaintiff, at the time the note was given, pretended that he was the owner of, and had a right to sell and convey, when in truth he had no title to the land and no right to sell it. His representations are alleged to be false and fraudulent; and the defendant on the discovery of the imposition, refused to take possession of the land. ¥e think the plea is a good defense to the action. We have heretofore decided, that such a defense would be good to an action against the purchaser of real estate to which the vendor had no title, on a bond executed by him for the purchase-money, where no conveyance had been made of the land pretended to be sold. Bryan v. Blythe, 4 Blackf., 249; Leonard v. Bates, 1 Id., 172. In the cases referred to, there was no consideration for the promise, and it was held not to be binding. The same principle, we think, must govern this case. The case of Frisbee v. Hoffnagle, 11 J. R., 50, is in point. There the suit was upon a note, the consideration of *566 which was a piece of land conveyed by the payee to the maker of the note by deed with warranty, and, at the time of the conveyance, there was a judgment against the payee, under which the land was afterwards sold on an execution against him. In an action by the payee against the maker of the note, it was held that the suit could not be maintained, as the consideration, of the note had wholly failed, the title of the maker of the note being extinguished by the sale under the judgment, though he had not yet been evicted by the purchaser, for he was liable to be evicted, and was responsible to him for the mesne profits. We are therefore of opinion that the Court erred in sustaining the demurrer. If, as in Post v. Shirley, 5 Blackf., 430, the-vendor had been possessed of a good title to the land, the case would be different.
J. Byman and P. L. Spooner, for the plaintiff.
D. Macy, for the defendant.
The plaintiff in error further contends, that the Court erred in submitting the issue on the fifth plea to a jury. That was a plea of former recovery. The replication was, that the ^plaintiff had not impleaded the defendant, &c., for the non-payment of the same identical debt, &c., and had not recovered, &c. The plaintiff in error, in support of his position, refers us to the case of White v. Elkin, May term, 1842, but that case does not sustain him. The plea in that case was nul tiel record, which we decided could not be tried by a jury, but must be determined by the Court. In this case the plaintiff, very prudently perhaps, did not reply nul tiel record, but denied that the debt for which the two suits were brought was identicall This raised the inquiry whether the same cause of action had been before litigated, and being .a matter in pais, was properly triable by a jury.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.