ONONDAGA SPECIAL TERM, January, 1850.  *Allen*, Justice.

## LAMERSON *vs.* MARVIN.

Where lands are mortgaged as one undivided tract or lot, and they are subsequently cut up into lots, for the convenient occupation of the mortgagor, or for the purposes of sale, the mortgagee upon a foreclosure of the mortgage, under the statute, is not bound to advertise or sell in parcels; but may, *it seems*, sell the whole premises as one undivided tract or lot, by the description contained in the mortgage.

Whether equity would, in such a case, interfere to direct the sale to be made in parcels, at the instance of subsequent purchasers ?  *Quære*.

The statute requiring mortgaged premises to be sold in parcels, was designed to provide for a sale of premises consisting, at the time of giving the mortgage, of distinct tracts, farms, or lots, and mortgaged and described as such ; and not for a sale of premises mortgaged as one farm, tract, or lot, and being in fact but one farm, tract or lot at that time, although subsequently subdivided.

Where lands are sold by deed with covenants of warranty, and the purchaser executes his bond for the payment of the price, it is no defence to an action on the bond, that the grantor *had not a good title*, if the grantee is in possession of the premises, under his deed.

VOL. VIII.        2

Lamerson *v.* Marvin.

If there is a fraudulent representation by the grantor, which would justify the grantee in rescinding the sale, he must do so within a reasonable time. If he waits, and instead of rescinding the sale, takes and holds possession of the premises as owner, he can not afterwards set up the fraud as a bar to an action on his bond for the purchase price.

Nothing short of an eviction, or its equivalent, will, in such a case, operate as a flat bar to an action for the purchase price.

THIS action was upon a bond given by the defendant to John H. Tomlinson, on the 13th of August, 1847, to secure the purchase price of certain premises in the village of Baldwinsville, for which premises Tomlinson at the same time executed to the defendant a deed with covenants of warranty and for quiet enjoyment. The defendant, in his answer, set up a fraudulent misrepresentation on the part of Tomlinson, as to the title, and alledged that the title was in one Isaac T. Minard, instead of Tomlinson, at the time of the giving of the deed; and that the defendant did not acquire any title whatever to the premises, by virtue of his deed. The plaintiff denied all knowledge or belief of the fraud, and alledged that the defendant accepted the deed, took possession under it, and was still in possession, enjoying the rents and profits thereof. The bond was assigned by Tomlinson to W. Kimball, to whom the defendant made one payment. It was afterwards assigned by Kimball to the plaintiff; who brought this suit to recover the second payment.

The cause was tried at the Onondaga circuit in December, 1849, before Justice Allen, without a jury. On the trial it appeared that Isaac T. Minard sold the premises on the 10th of May, 1847, under a statute foreclosure of a mortgage executed by John D. Slosson (Tomlinson's grantor) to Minard, on the 17th of September, 1839; and on such sale he became the purchaser thereof. That mortgage included land which has since been laid out into several lots, and sold to various persons, on which houses had been built, which were occupied by the subsequent purchasers. The whole of the land, however, was described in the mortgage by metes and bounds, as one piece or parcel of land; and Minard sold the whole as one parcel, according to the description in his mortgage. The affidavits

Lamerson *v.* Marvin.

of sale &c. were recorded in the clerk's office on the 27th of September, 1847. The defendant then gave evidence tending to show that at the time Tomlinson deeded the premises in question to him, he represented that he had settled the mortgage, and had a good title; which the judge thought sufficient to establish the fraud.

The plaintiff then proved that the defendant let the premises in question to Arthur Murphy, on shares, in the summer of 1848 and 1849, and exercised acts of ownership over them, without any molestation from Minard; although he knew that Minard claimed to own the premises by virtue of his mortgage foreclosure, within a short time after he took his deed from Tomlinson.

*LeRoy Morgan,* for the plaintiff. The defendant, having gone into possession under his deed, could only maintain an action, or recoup damages, for the fraud in the sale. (1 *Hill,* 484.) Without some act of disaffirmance, the party defrauded can not maintain a defence depending upon a rescission of the contract. (4 *Denio,* 554. 1 *Id.* 69. 2 *Id.* 136.) In such action, however, the vendee may in general avail himself of the fraud by way of recoupment; although he has not disaffirmed the contract. (5 *Hill,* 63, *per Bronson, J.*) There being no notice of recoupment of damages in this case, and no eviction, the defence must fail, although the court may find the fraud. (*Miner's Ala. Rep.* 354. 5 *Blackf.* 430. 3 *Ala.* 315. 25 *Wend.* 107. 21 *Id.* 131. 1 *Comst.* 313. 1 *John. Ch. Rep.* 213.) The case of *Frisbee* v. *Hoffnagle,* (11 *John.* 50,) so far as it proceeds upon the ground that any thing short of an eviction will amount to a breach of a contract of warranty, has been overruled. (3 *Hill,* 171.) As to the sale under Minard's mortgage, it was invalid, because the premises included in that mortgage were not sold in *distinct parcels* as they were laid out and occupied at the time of the foreclosure. (2 *R. S.* 450 §§ 6, 7, 8, 11, 14.)

*Geo. A. Stansbury*, for the defendant.   The facts showed a total failure of consideration.   And in such a case an eviction need not be proved.   (11 *John.* 50.)   The plaintiff was estopped from claiming that the defendant took an interest in the premises.   (14 *John.* 244.)   *Frisbee* v. *Hoffnagle* has not been overruled, but is still good authority, notwithstanding the criticisms of Judge Bronson.   He also cited and commented upon the following authorities: 13 *John.* 302, 327, 395, 402.   7 *Wend.* 380.   14 *Id.* 197.   17 *Id.* 193.   19 *Id.* 411.   1 *Comst.* 308.

ALLEN, J.   1. The question first made by the counsel for the plaintiff is, that the mortgage sale, under which it is claimed that Minard acquired the title to the lot and premises sold to the defendant, was irregular and void, and that Minard in truth acquired no title thereto ; for the reason that the mortgaged premises consisted of distinct lots and parcels, which should have been sold separately.   It is provided by the statute regulating the foreclosure of mortgages by advertisement, (2 *R. S.* 546, § 6,) that if the mortgaged premises consist of distinct farms, tracts or lots, they shall be sold separately, and that no more farms, tracts or lots shall be sold than shall be necessary to satisfy the amount due on the mortgage &c.   Without deciding what effect upon the rights of a purchaser at a mortgage sale, a disregard of the provision of the statute would have in a case to which it was applicable, I am satisfied that it does not affect the rights of Minard, as a purchaser, in the case now before me.

The statute I think was designed to provide for a sale of mortgaged premises consisting, at the time of the mortgage, of "distinct tracts, farms or lots," and mortgaged and described as such, and not for the sale of premises mortgaged as one farm, tract or lot, and being in fact but one farm, tract or lot, at the time of the mortgage, but subsequently subdivided for the convenient occupation of the mortgagor, or for the purposes of sale.   In such case, equity alone can protect the rights of the purchasers of separate parcels of the premises, if indeed they have any rights as against the mortgagee except to pay the

Lamerson *v.* Marvin.

mortgage and to be subrogated to his rights against the mortgagor and the residue of the mortgaged premises, which is doubtful. The subsequent purchasers take their title subject to all the rights of the mortgagee under his mortgage. In this case the premises were mortgaged as one lot, twelve rods long by forty feet wide, and if a subsequent sale by the mortgagor, of part of the premises, would restrict or limit the right to sell the premises as described in the mortgage, the evidence of such sale is wanting in this case. For aught that appears, the premises were owned and substantially occupied, at the time of the sale, as they were at the time the mortgage was given. But if this was not so, the mortgagee can not be required, upon any fair construction of the statute, to sell the mortgaged premises by any other or different description, or in any other or different parcels, than are given by the mortgage itself. He is not called upon to survey or re-describe at his peril the premises, or the several parcels into which it has been or may be conveniently subdivided. If the mortgagor has granted them as one undivided tract or lot, the mortgagee, in pursuance of the power in the mortgage, may, under the statute, sell them in the same manner and by the same description.

2. The time of the actual recording of the affidavits of the sale, &c. to Minard can not affect his title, acquired by his purchase at the sale, as against the defendant, for the reason that he had full notice and knowledge of it at the time he took his title from Tomlinson. (*Jackson* v. *Leek*, 19 *Wend.* 339. *Van Rensselaer* v. *Clark*, 17 *Id.* 25. *Merrick* v. *Post*, 15 *Id.* 588.)

3. It being established that the legal title to the premises, at the time of the sale from Tomlinson to the defendant, was in Minard and not in Tomlinson, but that Tomlinson had possession of them, which possession he yielded to the defendant, who accepted his deed of the premises with covenants of warranty, and took and retains possession under such deed, is there a total want or failure of consideration, which will defeat a recovery on the bond given for the purchase money? The seal to the bond is only presumptive evidence of a sufficient consideration,

which may be rebutted, in the same manner and to the same extent, as if such instrument was not sealed. (2 *R. S.* 406, § 77.) In this action the right of the defendant to recoup as for a partial failure of consideration, or for damages, for fraud, or breach of the covenants in the deed, is not claimed in the answer, and was expressly disclaimed on the trial; and the defence rested upon the ground that the facts established constituted a flat bar to the action. The defendant relied principally upon the case of *Frisbee* v. *Hoffnagle* (11 *John.* 50,) in which it was decided that in an action upon a promissory note given for the purchase money of a piece of land conveyed to the maker, with warranty, the fact that the land was afterwards sold upon a judgment against the grantor, which was a lien upon the premises at the time of the conveyance, was a full defence to the note, although the purchaser had not been evicted; upon the ground that the consideration of the note had wholly failed. If this case is to be regarded as sound law, then the defence in this case is fully made out. But it is to be remembered that the case was submitted without argument, and the court, at the end of the opinion, refer to *Morgan* v. *Richardson*, (1 *Camp. N. P.* 40, *note*;) *Tye* v. *Gwynne*, (2 *Id.* 346;) *Barber* v. *Backhouse*, (*Peake's Ca.* 61;) *Phœnix Ins. Co.* v. *Fiquet*, (7 *John.* 383,) and to no other cases, to sustain their decision. By reference to these cases it will be seen, that they were of an entirely different character from that before the court, and did not involve the principle there decided. In the case first cited, it was merely decided that although, when the consideration of a bill of exchange failed entirely, that would be a sufficient defence to an action upon it, it was no defence to such action, that the consideration failed partially. This was an action upon a bill given upon the purchase of a quantity of horses, which turned out to be bad and nearly unmarketable. *Tye* v. *Gwynne* was an action of the same character, before the same judge, (Lord Ellenborough,) and the result and decision were the same. *Barber* v. *Backhouse*, (*cited in* 11 *John.* as *Barber* v. *Backus*,) was an action on a bill accepted by one of the members of a firm, in the name of his firm, who were

the defendants, in part for an individual debt of his own, and the judge (Lord Kenyon) held, that the defendants having paid into court the amount for which they were liable to the plaintiff upon the original consideration of this bill, there could be no recovery against them in the action. In *Phœnix Ins. Co.* v. *Fiquet*, it was only held that, in an action upon a note given for the premium upon a policy of insurance, the defendant was entitled to have deducted so much of the premium, as the plaintiffs were for any reason bound to return to him. This is the only case cited by the defendant's counsel directly to the point of the defence. And had it never been questioned or doubted, I should feel bound to follow it without question. But it has not been regarded as good authority, or at least as unquestionable, either in our own courts or those of other states. In *Lloyd* v. *Jewell*, (1 *Greenl.* 359,) it was denied to be law, and was said by Mellen, C. J. to be "an insulated case." But this case has in its turn been the subject of comment and question in *Knapp* v. *Lee*, (3 *Pick.* 458, 9,) although the court, in the last case, did not undertake to decide the question presented in this action. See also the remarks of the chancellor in *Tallmadge* v. *Wallis*, (25 *Wend.* 117.) In *Vibbard* v. *Johnson*, (19 *John.* 77,) the case of *Frisbee* v. *Hoffnagle* was not cited by counsel, or referred to by the court, but the principle decided is apparently in conflict with the decision in that case. For the court held in an action upon a note given for a chest of tea, that the makers were not at liberty to dispute the title of their vendor, unless they had been charged at the suit of another person who had, after contestation, shown a better title. That having received the possession from the vendee, they could not draw his title in question, by payment of the value to a third person, the true owner. And if they could not, after payment, they certainly could not before. The defendants were in no worse situation, by reason of the payment.

In this case the defendant received the possession from Tomlinson and still retains that possession, and until he has been evicted or has been compelled in some way to recognize the title of Minard, upon some claim made by him, it appears to me

Lamerson *v.* Marvin.

that he should not be permitted to draw in question the title of
Tomlinson. In *Whitney* v. *Lewis*, (21 *Wend.* 131,) Bronson,
J. says, that *Frisbee* v. *Hoffnagle* was virtually overruled in
*Vibbard* v. *Johnson.* And he also refers to *Lattin* v. *Vail*, (17
*Wend.* 188.) And in *Batterman* v. *Pierce*, (3 *Hill* 176,) the
same judge, in speaking of the same case says, " So far as this
case proceeds on the ground that any thing short of an eviction
will amount to a breach of the covenant of warranty, it has
been overruled." In *Tallmadge* v. *Wallis*, (25 *Wend.* 116,)
the chancellor, in commenting upon the same case, says that
the only valid objection to the decision was that there was not
a total failure of consideration, as the purchaser had not been
evicted, and the mesne profits which he would be liable to pay
could not extend back beyond the time of the sale and convey-
ance by the sheriff; and after some further remarks he says.
"If the case is correctly reported, the court probably erred in
the application of a correct principle to the facts then before
them." Now the principle applied was, that a total failure of
consideration might be given in evidence to defeat a recovery
upon a promissory note; but I do not understand the chancel-
lor as affirming that there can be a total failure of considera-
tion, in a case like the present, until eviction. The chancellor
also comments upon *Lloyd* v. *Jewell*, and only disputes the
correctness of the conclusions of the court in that case to the
extent that they conflict with *Reab* v. *McAllister*, (8 *Wend.* 115,
116,) which was a case of recoupment and not a case of total
failure of consideration. In *Tallmadge* v. *Wallis* the court
held, affirming the decision of the supreme court in that case
and in *Whitney* v. *Lewis*, that a plea of want of seisin in a
vendor who has conveyed real estate with covenant of seisin is
no bar to an action of debt on a bond given for the purchase mo-
ney. The chancellor, in his opinion, says, "if the plea had
shown that at the time of the conveyance he (the vendor) had
no estate or interest whatever in the premises, or in any part
thereof, it would have gone to the whole consideration, and
in my opinion would have been a valid bar to the suit upon
the bond; and the court, in the absence of any allegation in

the pleadings to that effect, would not presume, that the pur-
chaser, ever was in the possession of land in which he had
acquired no right whatever under the conveyance." Intimat-
ing that even in case of an absolute failure of the title the
possession by the purchaser, of the premises, would be a con-
sideration for the bond, and would leave the obligor to recoup his
damages for a breach of the covenants in the deed. It can not
be said in this case, that the consideration for the bond has to-
tally failed. (1.) The consideration was executed, not execu-
tory, and there was nothing further to be done by the vendor,
as a condition precedent to the payment of the bond. (2.) The
vendor, although he had not the title, had the naked possession
of the premises, and that possession the defendant acquired
under his deed, and still retains unmolested. (3.) The defend-
ant has the covenant of the vendor for quiet possession, upon
which he may rely, either as a means to recover a compensation
upon an eviction by a person having a paramount title, or as
entitling him to the benefit of any title to the premises which
his vendor might thereafter acquire. (*See also Day* v. *Nix,* 10
*Moore,* 159.) Chancellor Kent in his commentaries, (*vol.* 2, *pp.*
472, 3,) says that the authority of the case of *Frisbee* v. *Hoff-
nagle* and the doctrine of it was much impaired by the decision in
*Lloyd* v. *Jewell;* and that the question how far, and to what
extent, a failure of title be a good defence to an action for the
consideration money, on a contract of sale, is in a state of pain-
ful uncertainty. And his conclusion is that, in sales of land
the technical rule remits the party back to his covenants in his
deed. (*See Greenleaf* v. *Cook,* 2 *Wheat.* 13; *Bumpus* v. *Plat-
ner,* 1 *John. Ch.* 213, *per Chancellor at p.* 218.) In other states
it appears to have been decided that the facts proved in this
case would constitute no defence to an action on a bond given
for the purchase money. (*Cheesbro* v. *Scott, Minor's Rep.*
354. 3 *Ala. Rep.* 316. *Jules* v. *Williams. Post* v. *Shirley,*
5 *Blackf.* 430.) I am of the opinion that the defendant has
not shown a failure of consideration.

4. It is next insisted that the contract is void by reason of
the fraudulent representations of the vendor Tomlinson. I am

of the opinion that the fraud practised by Tomlinson would have authorized the defendant, within a reasonable time after the discovery of the fraud, to have treated the contract as a nullity, or to have rescinded it. And had he done so, and restored to the vendor the possession of the premises, and released to him all the rights he acquired under his deed, perhaps his defence would have been perfect. But he can not affirm the contract as he has done in this case and take his chance under his deed, and at the same time, either recover back the purchase money paid, or defeat a recovery of the purchase money not paid, as upon a total failure of consideration. The most that the defendant can claim is, that it was optional with him either to affirm the contract and retain all that he had got or could get under it, and rely upon his action for damages for the fraud and breach of covenant, or recoup them in an action for the purchase money, or disaffirm the contract and defeat an action for the purchase money entirely, or recover back the purchase money if already paid. (*McAllister* v. *Reab,* 4 *Wend.* 483. 8 *Id.* 109. *Curtis* v. *Hannay,* 3 *Esp. Rep.* 82. *Barton* v. *Stewart,* 3 *Wend.* 236.)

Judgment must be given for the plaintiff for the instalment due.

