## WILLIS *v.* HALLIBURTON, *ad.*

A plea of failure of consideration of the note sued on, alleging that it was given for slaves to which the plaintiff had no title, should aver that they were recovered by title paramount; and the allegation that the slaves were freed by the Constitution and laws, so that the suit for their recovery could not be consummated, is no excuse for want of such averment.

The defendant pleaded that the note sued on was given for the purchase of slaves which the plaintiff falsely and fraudulently represented that he was the owner of, and that after the fraud was discovered, the slaves were emancipated by force of the Constitution, whereby he could not return them. *Held,* that the excuse for not returning them is insufficient; that the slaves were his property when emancipated, and he must bear the loss.

*Appeal from Arkansas Circuit Court.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

CLARK, WILLIAMS & MARTIN, for appellant.

We submit that the excuse set up in the first plea for a failure to progress with the adverse suit is sufficient, and the proof of disturbance by adverse suit without eviction, together with proof of absolute want of title, as is set up in the plea, is a good defense, where the failure grew out of the fact that the property was destroyed and lost, so that a suit could not be concluded.

The second plea is unquestionably good. It set up a clear case of fraud, and the excuse for not returning the property is sufficient. See *Story on Sales*, sec. *420*, notes *1*, *2*; *ib.*, sec. *456*. The excuse for not returning or tendering a return of the property is sufficient, where prevented by act of God or by law. *Haralson v. Walker, et al., 23 Ark., 415.*

GARLAND & NASH, for appellee.

There is no breach of warranty of title till vendee is evicted or loses the property by title paramount. *3 Parsons on Con., 224–7; 1 ib., 231, a.* Freeing negroes by war, or public law, is not a breach of warranty as to title by vendor. *24 Ark., 326, 364; Meigs Rep., 26.* Vendee should offer to return the property, or show excuse. *23 Ark., 519; 2 Kent, 480.*

WALKER, C. J.

Halliburton, as the administrator of the estate of Joseph Hough, deceased, brought his action of debt upon a writing obligatory executed by Willis to Hough for $6,000.

The defendant filed three pleas:

First. That the consideration for which the writing obligatory was given, has wholly failed in this, that it was given for

negro slaves, which were, by bill of sale, warranted to be slaves for life ; that the warranty was false and fraudulent in this, that Hough, at the time of the sale, had no title whatever to the slaves; that suit was commenced against defendant for the recovery of the slaves, but before it was consummated the slaves were emancipated by the laws and Constitution of Arkansas, so that the suit could not be determined; the negroes are beyond the defendant's control, and the consideration has failed, and this he offers to verify.

The second plea sets up that Hough falsely and fraudulently represented to defendant, that he, the said Hough, was the owner of the slaves, and that relying upon such representation, in consideration of the title and ownership of the slaves which Hough falsely and fraudulently pretended to give, and for no other consideration, and relying upon which the defendant executed and delivered the writing in suit, which representations of title and ownership were false and fraudulent, and that after such fraud was discovered, defendant was not able to return said slaves, because they were emancipated by force of the Constitution, whereby defendant has been damaged to an amount exceeding the amount of the writing sued on, and the interest thereon, to wit: twenty thousand dollars, out of which defendant offers to set off the debt of plaintiff, and verifies.

The third plea sets up that the writing declared on was given in consideration of slaves which were warranted to be such for life, but that the negroes were not slaves for life, and were thereafter freed and emancipated by force of the Constitution of the State of Arkansas, whereby the warranty has become and is falsified and broken, and the defendant damaged in a sum equal to that sued for, out of which he offers to recoup the debt and damages of the plaintiff.

To these pleas the plaintiff demurred; the demurrer was sustained, and the defendant having declined to plead further, final judgment was rendered against him, from which judgment he has appealed.

The questions of law presented for our consideration arise

upon the sufficiency of these pleas. The first plea is defective in this: that it contains no averment of the recovery of the slaves by one holding a superior title. *Villard v. Abbott & Johnson, 19 John. Rep., 77; Hinson v. Dunn, 5 Ark., 395; Sumner v. Gray, 4 Ark., 471.* The excuse set up in the plea that the adverse claimant to the property had been prevented by the emancipation of the slaves from prosecuting his suit to judgment is not sufficient.

The second plea is based upon an alleged fraud on the part of the vendor, and the excuse set up in the plea for not having returned the slaves, or offered to return them, is insufficient. Slaves were the defendant's property at the time they were emancipated, and he must bear the loss occasioned by their emancipation.

The third plea presents substantially the same question as that decided in *Dorris v. Grace, 24 Ark., 326,* and upon the authority of that case, must be held insufficient.

The demurrer to the pleas was, therefore, properly sustained.

Judgment affirmed.