JUDIAH ELLSWORTH, APPELLANT, *v.* THOMAS W. LOCK-WOOD, EXECUTOR, ETC., AND OTHERS, RESPONDENTS.

*Statutory foreclosure — duty of mortgagee to sell in parcels — where land is divided subsequent to execution of mortgage.*

This was an action to set aside a sale had under a statutory foreclosure of a mortgage. At the time the mortgage was given the tract covered thereby was entire and undivided. At the time of the sale two parts of it were occupied by persons claiming title thereto by contracts, made subsequent to the mortgage. The plaintiff, who was at the time of the sale the owner in fee of the land, and liable to pay the mortgage, requested the mortgagee to first sell fifty acres off the south end of the tract, the said fifty acres not corresponding to any prior known division of the tract, and there being no description thereof made or suggested at the time, by which a conveyance thereof could be made. *Held*, that this case did not fall within section 6 of 2 Revised Statutes, 546, requiring that where the mortgaged premises consist of distinct farms, tracts or lots, they shall be sold separately, and that the mortgagee was justified in refusing to sell as requested.

*Ellsworth* v. *Lockwood* (42 N. Y., 89) distinguished.

*Semble,* that a mortgagee is not bound to sell in parcels, without request, where the division into parcels was made after the execution of the mortgage.

APPEAL from a judgment entered on the report of a referee in favor of defendants, dismissing plaintiff's complaint.

This action was brought to set aside a statutory mortgage foreclosure and redeem the mortgaged premises, and also to set aside a contract for the sale of the same premises.

It was commenced in 1858, and has been tried three times. The first time before Hon. A. BOCKES, referee, on which trial the plaintiff was nonsuited. The judgment on his report was affirmed at General Term and reversed by a divided court in the Court of Appeals. A report of the case will be found in 3 Hand (42 N. Y.), at page 89. The second trial was before A. J. Cheritree, Esq., referee, and plaintiff was again nonsuited, and the judgment rendered on his report was reversed by the General Term. The last trial was before Wm. T. Odell, Esq., referee, when for the first time the defendants, on their part, put in evidence, and the action was again decided in favor of the defendants and the complaint dismissed. Plaintiff now appeals from the judgment rendered on the report of the last referee.

It appeared from the referee's report that on the 8th of November, 1849, the defendant, Hanford N. Lockwood, in pursuance of negotiation had with the plaintiff, conveyed the premises in question to Owen Brady, and took back a mortgage thereon for $1,000, and a note made by the plaintiff payable to the order of and indorsed by one Mott, for $500, payable ninety days after date. On the fifteenth of November Brady and wife executed and delivered to Mott a warranty deed of the premises, which was duly recorded on the 7th of January, 1850. Mott at the same time gave back a writing stating that the deed was given to secure the note, and that upon payment of the latter the title should be transferred to Brady. This paper was recorded February 16, 1858. Subsequently Mott was compelled to pay the note, with the costs of a suit thereon. In March, 1851, Mott agreed to convey a portion of the premises to the defendants Ketchum and Joslyn, who made the contract and entered into possession in good faith, and in the full belief that Mott was the owner of the land, and without any knowledge that either the plaintiff or Brady had any interest therein. On the 26th of July, 1851, and while Ketchum and Joslyn were in the actual possession of the said premises, Brady and wife conveyed their interests in the land to the plaintiff, the deed being recorded February 16, 1855, and the latter assumed the payment of the mortgage given thereon to the defendant Lockwood. This mortgage, being unpaid, was foreclosed under the statute, and the premises sold. At the time of the sale the plaintiff tendered to Lockwood the amount of his mortgage, and the costs of foreclosing the same, and demanded an assignment thereof, which was refused.

Mr. Ellsworth then requested him to put up the premises in parcels, and required that no more should be sold than would satisfy the mortgage debt and costs, and offered to give him the amount of the mortgage debt and costs of foreclosure for the south part next the river, comprising fifty acres. But no designation was made of what should be the northern boundary of the fifty acres; whether it should be bounded by a crooked and sinuous line, parallel with the river, or a line at right angles with the side lines of the farm, was left ambiguous and uncertain. Nor had any survey been made or monuments put up to specify, or in any way

designate any specific fifty acres. MacGregor offered for Mr. Ellsworth to bid for the south fifty acres aforesaid, and give the amount of the mortgage debt and costs of foreclosure. Lockwood refused to put up the premises in parcels as requested.

The referee further found that the premises could not properly have been sold in parcels, as designated or required by Mr. Ellsworth, and that fifty acres off the south end was not so situated as to be conveniently capable of being sold, described or conveyed as a distinct tract or piece.

*Judiah Ellsworth*, for the appellant.

*S. Brown*, for the respondent.

BOARDMAN, J. :

When this case was in the Court of Appeals (42 N. Y., 89), two questions only were presented and disposed of, one touching the right of plaintiff to an assignment of the mortgage upon payment of amount due, and the other touching the right of defendant Lockwood, to sell the whole property in one parcel, when plaintiff demanded that fifty acres off the south side should first be sold, he agreeing to bid the amount due therefor. A majority of the court held that plaintiff was not entitled to an assignment of the mortgage as demanded. Three of the eight judges concurred in a reversal by reason of the sale in one parcel. Two judges were for a reversal, but no ground is stated in the report. It may have been upon the question of assignment. It is questionable, therefore, how far such former decision is an authority. (*James* v. *Patten*, 6 N. Y., 16.) The same questions are now again presented. I do not see that any other considerations are of importance, or would control our decision.

The appellant excepts to many findings and refusals to find upon the facts, but no findings which the referee might have made in the respects excepted to could affect our decision.

There is no substantial controversy in the evidence upon the important points.

The former decision of the Court of Appeals, controls us as to plaintiff's right to an assignment of the mortgage as a condition of his payment of the amount due. He had no such right.

If we should assume that the right to sell in one parcel was decided adversely to defendant by that court, upon the facts as then before the court, we shall find the case upon that point now very different. Upon the former trial no evidence was given by the defendants. Now, it appears that the tract mortgaged was entire and undivided at the time the mortgage was given; that Joslyn was in possession of the north fifty acres claiming to own them under contract; that Ketcham was in possession of the remainder and southern portion of the premises sold under the mortgage; that such purchases were made after the execution of the mortgage, and that no other division into lots or farms had been made before the sale. Now, under these circumstances, the plaintiff demands that fifty acres off the south end of the track be first sold. This fifty acres does not comprise the lot or farm claimed and occupied by Ketcham, but only a part of it, indeed less than half of it I believe. The fifty acres had no fixed, known or definite boundaries. No description of it was made or suggested at the time, nor is it easy to see how any accurate description to constitute the basis of a conveyance and possession under it, could have been made without the aid of an actual survey. The south side of the land was bounded on the river, and it was not an easy task to determine where the line of fifty acres would come. It would depend also upon the variable points of compass upon which such north line might run, in the discretion of those controlling its direction. It was not, therefore, a distinct tract or parcel, that could have been conveniently sold, described and conveyed, and hence the request of plaintiff did not make a case within 2 Revised Statutes (546, § 6). Defendant Lockwood was therefore, justified in his refusal to sell as requested. It is an entirely different state of facts from that presumed to exist by Mr. Justice SUTHERLAND in 42 New York (*Ellsworth* v. *Lockwood*), when there was nothing to show " that the designated fifty acres were not so situated as to be conveniently capable of being sold, described and conveyed as a distinct parcel or tract " (page 101). Upon that assumed fact, together with the request or demand of plaintiff to sell such fifty acres, does the learned justice rely to sustain his conclusion. If either fact be wanting the conclusion fails. Because, I assume it will never be held, that a mortgagee is bound to sell in parcels

*without request,* where the division was made into parcels after the execution of the mortgage. To hold that a sale of the property in one parcel as described in the mortgage, under such circumstances is void, would be in the highest degree dangerous. The mortgagee is often in no situation, to know of subsequent divisions of the mortgaged property. A sale, therefore, without knowledge of such divisions or without request to sell in known and recognized parcels, should not be avoided. However the law may be finally held on the facts as assumed by Mr. Justice SUTHERLAND, upon those now found the sale should be held good. (*Lamerson* v. *Marvin,* 8 Barb., 9; *Griswold* v. *Fowler,* 24 id., 135; *Cox* v. *Wheeler,* 7 Paige, 250.)

But there is another sufficient reason why this judgment should be affirmed. The plaintiff at the time of the foreclosure and sale was the legal owner of the fee in the mortgaged lands, subject to this mortgage which he was bound to pay. (I disregard for the present the claims of Joslyn and Ketcham.) Plaintiff was, therefore, the primary debtor for the amount due to Lockwood on the mortgage. He was there on the sale in person or by his agent with the necessary money to pay the debt and discharge the mortgage. He refused to do so except upon a condition which he had no right to demand. It was plaintiff's own folly therefore, that a sale took place. His object, very likely, was to cut off the claims of Ketcham and Joslyn. If their claims were valid as against the plaintiff, he ought not in equity and by indirect means to impeach their title. If their claims were invalid, plaintiff could have dispossessed them as well after, as before the satisfaction of the mortgage. By the findings of the referee on the present trial they were *bona fide* purchasers from Mott, who had an apparently perfect title of record, subject only to Lockwood's mortgage. Under such purchase valuable improvements were put upon the lands by Ketcham and Joslyn, with the knowledge of the plaintiff, and without any claim or pretense, upon his part, of any hostile interest or title. It would, therefore, be inequitable and unjust toward Ketcham and Joslyn, to allow such sale to be set aside in the interest of the plaintiff, who voluntarily permitted it to take place and permitted the purchasers to expend large sums of money upon the lands bought by them, without notice or warning of any

kind. On the facts found, plaintiff was in the wrong in not paying up the mortgage before the sale, he having the money there to have done so. Defendants Ketcham and Joslyn, prior to such mortgage sale, bought in good faith, of a person having an apparent title, entered into possession and improved the property. The plaintiff knows all this and says nothing. Ketcham and Joslyn buy in the property on the mortgage sale, in order to perfect their title. How have Ketcham and Joslyn been guilty of any wrong? Why should their equitable, if not legal rights, be imperiled in favor of one who has refused to do his legal duty, that he might take an undue advantage of them? I concur therefore, with the referee, that the sale was regular, fair and valid, that defendants Ketcham and Joslyn took a good title under such sale, and that plaintiff established no cause of action against the defendants or either of them.

The judgment is therefore affirmed, with costs.

LEARNED, P., J., concurred. BOCKES, J., took no part.

Judgment affirmed, with costs.