DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## February, 1877.

---

### JOHN H. LANE, Appellant, v. ABRAHAM B. CONGER, Impleaded, etc., Respondent.

*Foreclosure sale — division of mortgaged premises into lots by mortgagor — when sold in parcels.*

The plaintiff conveyed to defendant a tract of land four hundred and ten feet by one hundred and nine feet ten inches, which had always been used as one residence, and took back a purchase-money mortgage thereon. Subsequently the defendant, without the assent of the plaintiff, made a map of the land, and laid out an avenue sixty feet wide through the middle thereof and two lanes upon the ends, which were opened but never dedicated to the public. Upon a sale under a foreclosure of the mortgage, the defendant insisted that the land should be sold according to the lots laid down on the map. *Held*, that the sheriff was right in refusing so to do, and in selling the land in one tract.

APPEAL from an order made at the Special Term, setting aside a sale had under a judgment of foreclosure and directing a resale.

*Wheeler & Brown*, for the appellant.

*A. B. Conger*, for the respondent.

BARNARD, P. J.:

This is an appeal from an order setting aside a sale in foreclosure and directing a resale. On the 30th day of April, 1862, the defend-

ant, Abraham B. Conger, bought of the plaintiff the premises in question, and executed the mortgage foreclosed as part of the purchase-money. The purchase-price was $4,700, and this mortgage was for $3,700, all of which is due, and over $1,000 of interest unpaid thereon. The defendant Conger has made a paper street through the middle of said premises, which he has named Hudson avenue, and has opened it, but has not dedicated it as a public street. Of course it has not been and cannot be accepted by the public authorities until dedicated. This avenue is sixty feet wide. He has also laid out on paper two lanes of twenty feet in width at each end of the piece. Neither of these lanes are entirely taken from the mortgaged land, but are in part made up of other lands, I presume of Mr. Conger. The piece, in its entirety, is only 400 feet by 109.10.

The avenue so called is the avenue on which the lots are to be fronted. The effect of this is to separate the house from the barn, one being on one side of the avenue and the other on the opposite side. The map makes fourteen distinct lots. Two are less than ten feet front; two are triangles, one of sixteen feet front, and running ninety-seven feet to a point, and one of five feet ten inches front by seventy feet to a point. The place had been used as one residence before plaintiff bought, and while he owned it, and has been so used subsequently by defendant Conger. The mapping was done by defendant Conger alone, and without the assent or concurrence of plaintiff. The premises were sold as one parcel. The order directs a resale according to the map. I think the sale was right. It does not distinctly appear whether the judgment directed the sale in one parcel. It is stated in the points to have been in the usual form, directing the sale of the mortgaged premises or so much thereof as was sufficient to pay the debt and costs. The decree is not given, but I assume the decree to have been in the usual form. The sale was of the premises as described in the mortgage and decree. The rights of way sold are only those directed by the decree, and are copied from the mortgage. The sheriff was not bound to sell in parcels under the circumstances. (*Lamerson* v. *Marvin*, 8 Barb., 9; *Griswold* v. *Fowler*, 24 id., 135; *Sherman* v. *Willett*, 42 N. Y., 150; *Whitbeck* v. *Rowe*, 25 How., 403; *Anderson* v. *Austin*, 34 Barb., 319.)

How can a resale be made according to the map ? Are the avenue and lanes to be sold ? The mortgage does not cover the entire lanes, and why is sixty feet in width of the mortgaged lands to be withdrawn from the security of the mortgage if they are to be withdrawn ? If the avenue and lanes are not to be sold, what right have the purchasers of the lots upon them to either avenue or lane ? If not sold, then they will belong to Conger, or at best any right the purchasers would get in them would rest in estoppel merely. If avenue and lanes are to be sold, why sell them as streets ? A purchaser may close them. I think the order should be reversed, and the sale, as made, be completed by the sheriff.

Order reversed, with ten dollars costs and disbursements.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order reversed, with ten dollars costs and disbursements.